ROBERT E. WERBICKY
DEANNA L. WERBICKY
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89074-6571
(702) 990-7272
*Plaintiffs Pro per*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. WERBICKY and DEANNA L. WERBICKY<br><br>Plaintiffs,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC, DOES I through XX, inclusive;<br><br>Defendants. | CASE NO. :<br><br>**COMPLAINT**<br>**(Jury Demanded)** |

Plaintiffs, ROBERT E. WERBICKY and DEANNA L. WERBICKY, ("Plaintiffs") by complain and alleges as follows:

### JURISDICTION

1.  This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Fair Debt Collection Act. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

### VENUE

2.  The plaintiffs reside in Clark County, Nevada, Defendant conducts business in Nevada and the acts complained of occurred in Clark County, Nevada. Venue therefore lies in the United States District Court for the District of Nevada pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

1

3. ROBERT E. WERBICKY is an individual who is a resident of Las Vegas, Nevada;

4. DEANNA L. WERBICKY is an individual who is a resident of Las Vegas, Nevada;

5. GREEN TREE SERVICING, LLC is a Foreign Limited Liability Company listed as a Delaware entity;

6. Plaintiffs do not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through XX. Plaintiffs allege that such Defendants claim an interest in and/or are responsible for damages suffered by Plaintiffs as more fully discussed under the claims for relief set forth below. Plaintiffs will request leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Defendant when Plaintiffs discover such information.

## FACTS ASSOCIATED WITH THE CLAIMS

7. On or about January 25, 2006 Plaintiffs closed in conjunction with the purchase of their principal residence, 9661 Bella Citta Str., Las Vegas, NV 89178 (the "Property");

8. On that date Plaintiffs signed a Promissory Note for $103,732.00 (the "Note");

9. On that date Plaintiffs signed a Second Deed of Trust securing the Note ("2nd Deed of Trust");

10. The Note and the 2nd Deed of Trust were signed by Plaintiffs under false pretenses and under economic duress;

11. On February 6, 2006 Chicago Title recorded a Second Deed of Trust with the Clark County Recorder in Book Number: 20060206 as Instrument Number: 0000590 (the "Altered 2nd Deed of Trust");

12. The Altered 2nd Deed of Trust contains altered pages and forgeries which altered material terms;

13. In 2009 and 2010 Plaintiffs hired two separate agents in an attempt to modify or settle the debt secured by the Property;

14. RBS Citizens allegedly acquired ownership of the Note and Second Deed of Trust against the Property on or about December 15, 2009;

15. RBS Citizens was listed as the owner of the 2nd Deed of Trust in the Mortgage Electronic

2

Registration System ("MERS");

16. Green Tree was listed as the Servicing Agent for RBS Citizens in MERS;

17. Green Tree is or held itself out to be a debt collector;

18. Green Tree, as agent for RBS Citizens, claimed ownership of the Note and the Second Deed of Trust;

19. On October 16, 2009 Green Tree, as agent for RBS Citizens, sent a letter to Plaintiffs claiming that it had acquired ownership of the Note and Second Deed of Trust and notified Plaintiffs of their right to contest the validity of the debt;

20. On November 2, 2009 Plaintiffs exercised their rights to challenge the validity of the debt secured by the Note;

21. On December 2, 2009 Green Tree sent a letter claiming that the document attached to the letter was "a copy of the Balloon Note that [Plaintiffs] signed;"

22. The document attached to the December 2, 2009 letter was not an accurate copy of the Note and contains alterations and/or forgeries (the "Altered Note");

23. In January 2011 Plaintiffs entered into a settlement agreement with First Horizon, the owner of the promissory note secured by the First Deed of Trust against the Property (the "Settlement");

24. Under the terms of the Settlement First Horizon agreed to waive any potential deficiency against Plaintiffs associated with the sale of the Property;

25. Under the terms of the Settlement this would have eliminated a potential deficiency judgment against Plaintiffs in excess of $200,000;

26. The sale of the Property was made contingent upon the removal of the alleged junior lien held by RBS Citizens and serviced by Green Tree;

27. Plaintiffs secured a buyer and the owner of the Note agreed to the terms of the sale in the summer of 2011;

28. Plaintiffs and Jaime M. Carpenter ("Buyer") entered into a contract whereby Buyer agreed to purchase the Property;

29. Green Tree demanded payment to remove the recorded junior lien from the Property;

30. Plaintiffs discovered the forgeries and altered documents in early September 2011;

31. Green Tree was notified of the forgeries and altered documents by Plaintiffs on September 9, 2011;

32. Despite having evidence of the alterations and forgeries Green Tree demanded payment on the Altered Note before it would release the invalid junior lien against the Property;

33. Despite having evidence of the alterations and forgeries Green Tree continued to assert and publish to third parties that a valid junior lien existed against the Property;

34. Plaintiff DeAnna Werbicky cashed out her premium life insurance policy in order to secure the funds necessary to pay Green Tree the amount demanded;

35. Plaintiffs paid Green Tree to release Altered 2nd Deed of Trust despite contesting the validity of the Altered 2nd Deed of Trust to mitigate their potential damages;

36. After being paid $22,000 obtained from Plaintiffs and third parties Green Tree released the invalid junior lien allegedly secured by the Altered 2nd Deed of Trust;

37. The Plaintiffs closed on the sale of the Property on or about September 23, 2011;

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION ACT

38. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein;

39. Green Tree violated 15 USCS § 1692e of the FDCA by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt;

40. Green Tree violated 15 USCS § 1692f the FDCA by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

41. Green Tree's violations were intentionally and knowingly done;

42. Plaintiffs were damaged owing to Green Tree's violations of the FDCA;

43. Plaintiffs damages include:

    a. The direct and indirect payments made to Green Tree to release the invalid junior lien,

    b. The increase in life insurance premiums for DeAnna Werbicky,

4

    c.   The cost of hiring agents in an attempt to release the invalid debt,

    d.   Reasonable attorney's fees;

    e.   Damage to Plaintiffs' credit,

    f.   Increased borrowing costs as a result of the damage to Plaintiffs' credit;

## SECOND CAUSE OF ACTION

### SLANDER OF TITLE

44. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein;

45. Green Tree's claims that a junior lien existed against the Property were false;

46. Green Tree published the false claims to third parties;

47. Green Tree's claims were maliciously spoken;

48. Plaintiff sustained special pecuniary damage as a direct and natural result of Green Tree's false claims;

49. Plaintiff was damaged by paying to remove the non-existent lien from the Property;

50. Plaintiffs damages include:

    a.   The direct and indirect payments made to Green Tree to release the invalid junior lien,

    b.   The increase in life insurance premiums for DeAnna Werbicky,

    c.   The cost of hiring agents in an attempt to release the invalid debt,

    d.   Reasonable attorney's fees attempting to remove the invalid lien,

    e.   Damage to Plaintiffs' credit,

    f.   Increased borrowing costs as a result of the damage to Plaintiffs' credit;

51. The actions of Green Tree were oppressive, fraudulent or malicious entitling Plaintiffs to punitive damages;

## THIRD CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP WITH FIRST HORIZON

52. Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs and incorporates the same by reference as though fully set forth herein;

53. A valid an existing contract existed between Plaintiffs and First Horizon;

54. Green Tree knew of the contract;

55. Green Tree's acts were intentional and designed to interfere with or disrupt the contractual relationship;

56. Green Tree's acts interfered with the contract and made performance of the contract more burdensome, difficult or of less value;

57. Plaintiffs suffered damage as a direct and natural result of Green Tree's claims;

58. Plaintiffs damages included:

   a.   The direct and indirect payments made to Green Tree to release the invalid junior lien,

   b.   The increase in life insurance premiums for DeAnna Werbicky;

   c.   Reasonable attorney's fees in attempting to ensure the contract,

59. The actions of Green Tree were oppressive, fraudulent or malicious entitling Plaintiffs to punitive damages;

## FOURTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP WITH BUYERS

60. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein;

61. A valid an existing contract existed between Plaintiffs and Buyer;

62. Green Tree knew of the contract;

63. Green Tree's acts were intentional and designed to interfere with or disrupt the contractual relationship;

64. Green Tree's acts interfered with the contract and made performance of the contract more burdensome, difficult or of less value;

65. Plaintiffs suffered damage as a direct and natural result of Green Tree's claims;

66. Plaintiffs damages included:

     a.   The direct and indirect payments made to Green Tree to release the invalid junior lien,

     b.   The increase in life insurance premiums for DeAnna Werbicky,

     c.   Reasonable attorney's fees in attempting to ensure the contract,

67. The actions of Green Tree were oppressive, fraudulent or malicious entitling Plaintiffs to punitive damages;

WHEREFORE, PLAINTIFFS pray:

1.    This Court enter judgment against GREEN TREE SERVICING, LLC for statutory damages;

2.    This Court enter judgment against GREEN TREE SERVICING, LLC for actual damages, both general and special;

3.    This Court award punitive damages against GREEN TREE SERVICING, LLC up to the amount allowed by law;

4.    Injunctive relief to remove inaccurate entries from Plaintiffs' credit reports;

5.    For reasonable attorney's fees and costs of suit; and

6.    For such other and further relief as the Court deems just and proper;

DATED this _4th_ day of September 2012.

_____

ROBERT E. WERBICKY

_____

DEANNA L. WERBICKY