UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. WERBICKY, and DEANNA L. WERBICKY,<br><br>Plaintiffs,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC, DOES I Through XX, inclusive,<br><br>Defendants. | Case No.:   2:12-cv-01567-~~GMN-(GWF)~~  JAD-NJK<br><br>As amended,<br>page 9 |

## STIPULATED PROTECTIVE ORDER

### REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiffs Robert E. Werbicky and DeAnna L. Werbicky and defendant Green Tree Servicing LLC anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that this Court enter this order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order" or "Order").

1. **Purposes and Limitations**

    (a) Unless otherwise agreed by the parties in writing, Protected Material designated under the term of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

1  (b) The Parties acknowledge that this Order does not confer blanket protection on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2. **Definitions**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Counsel of Record" means (i) counsel who appear on the pleadings as counsel for a Party, (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and their paralegals and support staff, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and counsel of record and their support staffs.

(d) "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Protective Order.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing

Party.

3. <u>Computation of Time</u>

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rule of Civil Procedure.

4. <u>Scope</u>

(a) The protections conferred by this Protective Order cover not only Discovery Material governed by this Order, but also any information copied or extracted from such material, as well as all copies, excerpts, summaries, or compilations of such material, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c) Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d) Nothing in this Protective Order shall be construed to prevent disclosure of Discovery Material to the persons designated in Paragraph 8(b).

(e) This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

//

5. **Duration**

Even after the termination of this case, and unless otherwise indicated in this Protective Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

6. **Access to and Use of Protected Material**

    (a)    **Basic Principles.** All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function, except as expressly provided in this Protective Order. Protected Material shall not voluntarily be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order.

    (b)    **Secure Storage.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

    (c)    **Legal Advice Based on Protected Material.** Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Protective Order.

    (d)    **Limitations.** Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material provided that the use or disclosure complies with Fed. R. Civ. P. 26 - 37. Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving

1  Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the
2  Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not
3  by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to an order
4  of the Court. Notwithstanding the foregoing, a Producing Party may not disclose its own Protected
5  Material to the extent such Protected Material is also the Protected Material of any other party (e.g.,
6  settlement discussions and agreements containing confidentiality obligations), without the prior
7  written consent of such other party, unless compelled to do so by a court of competent jurisdiction.

8  7.   **Designating Protected Materials**

9       (a)   **Available Designations.** Any Producing Party may designate Discovery Material with
10 the designation of "CONFIDENTIAL," provided that it meets the requirements for such designation
11 as provided for below.

12      (b)   **Written Discovery and Documents and Tangible Things.** Written discovery,
13 documents (which include "electronically stored information," as that phrase is used in Rule 34 of the
14 Federal Rule of Procedure), and tangible things that meet the requirements for the confidentiality
15 designation listed in Paragraph 7(a) may be so designated by placing the appropriate designation on
16 every page of the written material prior to production. For digital files being produced, the Producing
17 Party may mark each viewable page or image with the appropriate designation, and mark the medium,
18 container, and/or communication in which the digital files were contained. In the event that original
19 documents are produced for inspection, the original documents shall be presumed
20 "CONFIDENTIAL" during the inspection and re-designated, as appropriate during the copying
21 process.

22      (c)   **Depositions and Testimony.** Parties or testifying persons or entities may designate
23 depositions and other testimony with the appropriate designation by indicating on the record at the

1   time the testimony is given or by sending written notice of how portions of the transcript of the

2   testimony are designated within seven (7) days of receipt of the transcript of the testimony. If no

3   indication on the record or timely written notice is made, it shall be deemed that no claim of

4   confidentiality is being made and all information disclosed during a deposition shall be deemed non-

5   confidential. Parties that failed to timely designate portions of a transcript as confidential may use the

6   procedures outline in Paragraphs 12 and 13. Any Protected Material that is used in the taking of a

7   deposition shall remain subject to the provisions of this Protective Order. In such cases the court

8   reporter shall be informed of this Protective Order and shall be required to operate in a manner

9   consistent with this Protective Order. In the event the deposition is videotaped, the original and all

10  copies of the videotape shall be marked by the video technician to indicate that the contents of the

11  videotape are subject to this Protective Order, substantially along the lines of "This videotape

12  contains confidential testimony used in this case and is not to be viewed or the contents thereof to be

13  displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or

14  pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to

15  exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and

16  videographer (if any), any person who is not authorized by this Protective Order to receive or access

17  Protected Material based on the designation of such Protected Material. Such right of exclusion shall

18  be applicable only during periods of examination or testimony regarding such Protected Material.

19  **8.    Discovery Materials Designated as "Confidential"**

20         (a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it

21  contains or reflects information that qualifies for protection under Rule 26(c) of the Federal Rule of

22  Civil Procedure.

23         (b)     Unless otherwise ordered by the Court, Discovery Material designated as

1  "CONFIDENTIAL" may be disclosed only to the following:

2      (i)     the Receiving Party's Counsel of Record;

3      (ii)     Counsel of Record's immediate paralegals and staff, and any copying or clerical
4  litigation support services working at the direction of such counsel, paralegals, and staff;

5      (iii)     expert and consultants to whom disclosure is reasonable necessary for this
6  litigation, having first agreed to be bound by the provisions of the Protective Order by signing a copy
7  of Exhibit A.

8      (iv)     court reporters, stenographers and videographers retained to record testimony
9  taken in this action;

10      (v)     the Court, jury, and court personnel;

11      (vi)     document processing and hosting vendors, and graphics, translation, design,
12  and/or trial consulting services, having first agreed to be bound by the provisions of the Protective
13  Order by signing a copy of Exhibit A;

14      (vii)     any mediator who is assigned to hear this matter, and his or her staff, subject to
15  their agreement to maintain confidentiality to the same degree as required by this Protective Order;
16  and

17      (viii)     any other person with the prior written consent of the Producing Party or by
18  Order of this Court.

19  **9.**     <u>**Challenging Designations of Protected Material**</u>

20      (a)     A Party shall not be obligated to challenge the propriety of any designation of
21  Discovery Material under this Protective Order at the time the designation is made, and a failure to do
22  so shall not preclude a subsequent challenge thereto provided, however, said challenge is made within
23  a reasonable time and without prejudice to the other parties.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**10. Subpoenas or Court Orders**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

must:

(a) promptly notify every Party who has produced such Discovery Material and its Counsel of Record in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose confidential material may be affected.

11. **Filing Protected Material** [struck through — See order issued concurrently herewith]

(a) Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b) Any Receiving Party is authorized under Local Rule 10-5 to request the filing under seal with this Court of any brief, document, or materials that are designated as Protected Material under this Order.

12. **Inadvertent Disclosure of Privileged Material**

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a notice and request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a notice and request from any Producing Party who has inadvertently produced

Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return within five (5) days of such notice and request such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

    (c)    Within five (5) days of the Producing Party's notice and request for the return and/or destruction of privileged Discovery Material, the Producing Party shall provide a privilege log with entries for the inadvertently produced document(s). The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel production of such documents. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s). In the event of such a motion to compel, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. However, in no case will the return of any demanded document be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for any such motion. The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion to compel production of that document is granted by a Court, except as such information may appear in any applicable privilege log.

13.    **<u>Inadvertent Failure to Designate Properly</u>**

    (a)    The inadvertent failure by a Producing Party to designate Discovery Material as

Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in Paragraph 13(a), unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 13(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Protected Material produced without the designation of "CONFIDENTIAL" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL" designation.

14.    **Inadvertent Disclosure Not Authorized by Order**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party

responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

### 15. Final Disposition

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

### 16. Miscellaneous

(a)     **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than

those set forth herein.

(b) **Termination of Matter and Retention of Jurisdiction.** The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order until the Producing Party receives the certification provided in Paragraph15(b).

(c) **Successors.** This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) **Burdens of Proof.** Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) **Modification by Court.** This Order is subject to further court order based upon public

1 | policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of
2 | justice. The United States District Court for the District of Nevada is responsible for the interpretation
3 | and enforcement of this Order. All disputes concerning Protected Material, however designated,
4 | produced under the protection of this Order shall be resolved by the United States District Court for
5 | the District of Nevada.
6 | //
7 | //
8 | //
9 | //
10 | //
11 | //
12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //

(g) **Discovery Rules Remain Unchanged.** Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, or the Court's own orders.

**STIPULATED AND AGREED TO IN CASE NO. 2:12-cv-01567-GMN-(GWF):**

Dated: August 11, 2014

/s/I-Che Lai
Michael R. Brooks, Esq.
Gregg A. Hubley, Esq.
I-Che Lai, Esq.
BROOKS HUBLEY LLP
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 851-1191
Facsimile: (702) 851-1198
*Attorney for the Defendant,*
*Green Tree Servicing LLC*

Dated: August 12, 2014

Robert E. Werbicky
3333 East Serene Avenue, Suite 200
Las Vegas, Nevada 89074-6571
Telephone: (702) 990-7272
*Pro Se Plaintiff*

Dated: August 12, 2014

DeAnna L. Werbicky
3333 East Serene Avenue, Suite 200
Las Vegas, Nevada 89074-6571
Telephone: (702) 990-7272
*Pro Se Plaintiff*

**IT IS SO ORDERED.**

Dated: August 14th, 2014

_____
United States Magistrate Judge

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Werbicky v. Green Tree Servicing, LLC*, United States District Court, District of Nevada, Civil Action No. 2:12-cv-01567-GMN-GWF. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation / job description: _____

_____

_____

Name of company or firm: _____

Address: _____

Dated: _____

_____
[Signature]