UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. WERBICKY, et al.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01567-JAD-NJK<br><br>ORDER DENYING WITHOUT<br>PREJUDICE MOTION TO SEAL<br>(Docket No. 67) |

　　　　The undersigned outlined the procedures for the parties to file materials under seal. *See* Docket No. 55. Pending before the Court is Defendant Green Tree Servicing's motion to seal. Docket No. 67. For the reasons discussed below, the motion to seal is hereby **DENIED** without prejudice. Defendant shall file a renewed motion to seal no later than October 6, 2014. The failure to comply with this order may result in an order unsealing documents.

　　　　The pending motion to seal has numerous defects. First, the Court is unable to discern precisely what information Defendant seeks to seal. The motion itself refers to Exhibit D submitted in relation to Defendant's motion for summary judgment, but then seeks sealing of Exhibit D "and any other documents designated as confidential and submitted for *in camera* review." *See* Docket No. 67 at 1-2.[1] As an initial matter, a motion to seal must state with particularity what document(s) and information merits secrecy.

---

[1] The presentation of the motion to seal is very confusing. While it appears to center on "Exhibit D," the *in camera* submission relates to an "inspection of Exhibits B and C" and then refers to sealing exhibit "B." *See* Docket No. 68 at 1. Although not entirely clear, it appears that perhaps Defendant divided "Exhibit D" into separate Exhibits B and C. *See* Docket No. 67-1 at 3. Similarly, the motion to seal identifies Exhibit D, but also asserts that "exhibits" and "documents" containing purportedly confidential information should be sealed. *See* Docket No. 67 at 3.

1    Second, Defendant submitted more than 100 pages of documents to the Court *in camera*.
2 The Court does not seal documents *en masse*. Instead, the Ninth Circuit has made clear that the
3 sealing of entire documents is improper when any confidential information can be redacted while
4 leaving meaningful information available to the public. *See Foltz v. State Farm Mut. Auto. Ins. Co.*,
5 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in*
6 *Oregon*, 661 F.3d 417, 425 (9th Cir. 2011). The Court is unclear why entire documents must be
7 sealed rather than being filed publicly with limited redactions.
8    Third, as noted above, Defendant submitted extensive documentation for *in camera* review.
9 It appears that such documents have already been provided to Plaintiffs, however. *See* Docket No.
10 67 at 1 n.1. Given that Plaintiffs already appear to have a copy of the documents, it is not clear to
11 the Court why Defendant is resorting to an *in camera* review rather than following the typical
12 procedures for filing confidential documents on the docket under seal, accompanied by a motion to
13 seal. *See* Local Rule 10-5(b).
14    IT IS SO ORDERED.
15    DATED: September 29, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge