1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT E. WERBICKY, et al., | ) |
|           Plaintiff, | ) |
| vs. | ) |
| GREEN TREE SERVICING, LLC, et al., | ) |
|           Defendants. | ) |

Case No. 2:12-cv-01567-JAD-NJK

ORDER DENYING MOTION TO
REOPEN DISCOVERY

(Docket No. 60)

Pending before the Court is Defendant Green Tree Servicing's motion to reopen discovery. Docket No. 60. Plaintiffs filed a response in opposition and Defendant filed a reply. Docket Nos. 73, 87. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to reopen discovery is hereby **DENIED**.

**I.      APPLICABLE STANDARD**

To prevail on a request to amend a scheduling order under Rule 16(b), a movant must establish "good cause" for doing so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295

1   (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising the pretrial phase of

2   litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).[1]

3   **II.   ANALYSIS**

4           Defendant bases its motion on two circumstances: (1) Defendant argues that Plaintiffs and some

5   third parties provided incomplete and/or untimely discovery responses at the close of discovery and (2)

6   Plaintiffs provided untimely initial disclosures at the close of discovery. The Court addresses each

7   contention in turn. Applying the standards outlined above, the Court finds that good cause to reopen

8   discovery is lacking because Defendant has not shown diligence.

9           A.      Incomplete and/or Untimely Responses to Discovery Propounded by Defendant

10          Although a stay of discovery was in place early in this litigation, that stay was lifted and

11  discovery should have begun in earnest in November, 2013. *See* Docket Nos. 36, 38. Defendant did

12  not conduct discovery at that time, however, and instead waited to conduct discovery until June 18,

13  2014. *See, e.g.*, Docket No. 60 at 5. This was the last day possible for discovery to be served at that

14  time, as the then-operative discovery cut-off was July 18, 2014. *See* Docket No. 44. That discovery cut-

15  off was then extended 30 days, *see* Docket No. 51, at about which time Defendant served third-party

16  subpoenas, *see* Docket No. 60-1 at 15-31 (subpoenas served on July 21, 2014). Defendant argues that

17  Plaintiffs' responses to its discovery requests were incomplete and that it received further responsive

18  documentation at the close of discovery from Plaintiffs. *See, e.g.*, Docket No. 60 at 10-11. Defendant

19  also complains that one of the subpoenaed third-parties provided documents at the close of discovery,

20  which was one week late. *See* Docket No. 60 at 11.

21          The inability of Defendant to conduct "follow up" discovery on these responses is the result of

22  Defendant's lack of diligence. Defendant fails to provide adequate explanation why it waited to

23  propound discovery until the twilight hours of the discovery period. This lack of diligence is further

24  evidenced by the failure of Defendant to file motions to compel. Defendant's moving papers reference

25  

26  _____

27          [1] Requests to extend deadlines filed after the deadlines' expiration also require a showing of
    excusable neglect. *See* Local Rule 26-4; *see also Nunez v. Harper*, 2014 U.S. Dist. Lexis 84287, *6 (D. Nev.
    June 20, 2014). When a threshold showing of good cause is not made, however, the Court need not reach

28  the issue of excusable neglect. *See, e.g.*, *Nunez*, 2014 U.S. Dist. Lexis 84287, at *7 n.3.

on numerous occasions its intent to file motions to compel.  *See* Docket No. 60 at 11 (filed September 15, 2014, and indicating that "Green Tree is finalizing a motion to compel sufficient discovery responses for filing shortly").  The case law in this District is well-established that, "[a]bsent unusual circumstances, [a motion to compel] should be filed before the scheduled date for dispositive motions." *See, e.g.*, *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999).  But Defendant allowed that date to lapse, *see* Docket No. 51 (dispositive motion deadline of September 18, 2014), without filing any motion to compel.  Indeed, as of the date of this order, Defendant still has not filed a motion to compel.  Defendant had the opportunity to remedy any defects in discovery responses provided by timely filing a motion to compel, but chose not to do so.

In short, to the extent Defendant's pending motion is premised on Plaintiffs' responses to Defendant's discovery requests and on a third-party response to a subpoena, the Court finds that Defendant has failed to show the diligence required to establish good cause to reopen discovery.

B.   Failure to Provide Initial Disclosures

Defendant also argues that Plaintiffs provided "thousands" of pages of documents at the close of discovery that "frankly should have been produced as their initial disclosure under Rule 26 . . . (or as a supplement to that disclosure)."  Docket No. 60 at 3.  Defendant bears the burden of establishing good cause to reopen discovery.  *See, e.g.*, *Amareld v. Tropicana Las Vegas Hotel & Resort, Inc.*, 2014 U.S. Dist. Lexis 65050, *3 (D. Nev. May 12, 2014) (citing *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012)).  Certainly if there was a willful withholding of a significant volume of documents that should be provided as an initial disclosure, that would be very troubling to the Court.[2]  The problem with Defendant's argument, however, is that it rests on its *ipse dixit* that there was indeed such a violation.  Defendant's moving papers make generalized statements about the contents of those documents, such as that they "consist of communications between the Plaintiffs and various third parties."  *See* Docket No. 60 at 5.  Similarly, Defendant opines that the documents "pertain[] to allegations in the complaint," *see id.* at 6, and are "relevant" to this case, *see*

---

[2] The Court expresses no opinion at this time whether such a late-disclosure occurred and whether sanctions would be appropriate under Rule 37(c)(1).

1    *id.* at 7.  Such vague descriptions are insufficient for the Court to conclude that the documents should

2    have been provided months earlier as initial disclosures.[3]  Moreover, Defendant's apparent reliance on

3    a relevance standard for initial disclosures is misplaced.  *Cf. Greene v. Alan Waxler Group Charter*

4    *Servs.*, 2014 WL 2808980, *2 (D. Nev. June 19, 2014).  In short, no meaningful explanation is provided

5    in the moving papers regarding the contents of the documents at issue and how they fall within the

6    purview of Rule 26's initial disclosure requirements.

7            Bare assertions of a right to relief are not valid or sufficient.  *See, e.g.*, *Greenwood v. F.A.A.*, 28

8    F.3d 971, 977 (9th Cir. 1994).  "A judge is an impartial umpire of legal battles, not a [party's] attorney.

9    [She] is neither required to hunt down arguments the parties keep camoflauged, nor required to address

10   perfunctory and undeveloped arguments. . . .  To the extent [a party] fails to develop any additional

11   arguments or provide support for them,[it] has waived them."  *The Vaccine Ctr. LLC v. GlaxoSmithKline*

12   *LLC*, 2013 U.S. Dist. Lexis 68298, *8 n.4 (D. Nev. May 14, 2013) (quoting *Williams v. Eastside*

13   *Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).  Defendant's bare assertions

14   that Plaintiffs provided at the close of discovery documents that should have been provided as an initial

15   disclosure (or earlier supplement) is simply insufficient to carry its burden of showing good cause to

16   reopen discovery.

17   **III.   CONCLUSION**

18           For the reasons discussed above, Defendant's motion to reopen discovery is **DENIED**.

19           IT IS SO ORDERED.

20           DATED:   October 27, 2014

21                                                          _____

22                                                          NANCY J. KOPPE
                                                            United States Magistrate Judge

23

24

25   _____

26           [3] While some further discussion was provided in the reply brief, *see, e.g.*, Docket No. 87 at 4-5, the
     Court does not generally consider arguments raised for the first time in reply, *see, e.g.*, *Bazuaye v. I.N.S.*,
27   79 F.3d 118, 120 (9th Cir. 1996) (per curiam).  At any rate, the assertions made in reply continue to fail to
28   provide a sufficient basis for the Court to determine that Plaintiffs did not comply with Rule 26.