# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT E. WERBICKY, et al., ) <br> Plaintiff, ) <br> vs. ) <br> GREEN TREE SERVICING, LLC, et al., ) <br> Defendants. ) | Case No. 2:12-cv-01567-JAD-NJK <br><br> ORDER <br><br> (Docket Nos. 57, 71) |

Pending before the Court is an order to show cause related to the improper filing of Docket No. 57. *See* Docket No. 71. In particular, the Court required the parties to explain why Docket No. 57 should not be filed publicly. *See* Docket No. 71 at 2. Plaintiffs filed a response indicating that they filed Docket No. 57 under seal as a means to comply with the stipulated protective order because Exhibits 5 and 6 were designated by Defendant as confidential. *See* Docket No. 75 at 2. Plaintiffs take no position on whether any documents are actually confidential. *See id.* In response, the Court ordered Defendant to "file a notice stating explicitly what portions of Docket No. 57 and any exhibits in support of that brief warrant secrecy." Docket No. 82 at 2. Defendant has now filed a notice indicating that the only portion of that filing that warrants secrecy is Exhibit 6, and that the remainder may be filed publicly. *See* Docket No. 91 at 1.

To seal a document filed in relation to a dispositive motion, the movant must provide "compelling reasons" to warrant secrecy. *See, e.g., Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Exhibit 6 consists of Green Tree's servicing agreement with RBS Citizens, N.A. *See* Docket No. 80 at 1-2. Defendant argues that the Servicing Agreement

constitutes a trade secret, that Defendant maintains the confidentiality of its terms, and that revelation of the Servicing Agreement would result in Defendant being competitively disadvantaged. *See* Docket No. 80 at 6-8. Defendant also argues that the exhibit cannot be easily redacted while leaving other meaningful information available to the public. *See id.* at 9.

The Court agrees that compelling reasons exist to allow Exhibit 6 to be filed under seal. As acknowledged by the parties, compelling reasons do not exist to seal any other aspect of Docket No. 57. Accordingly, the Court hereby **ORDERS** Plaintiffs to refile, no later than November 6, 2014, Docket No. 57 and all exhibits attached thereto on the public docket, except that Exhibit 6 should be filed under seal.[1]

IT IS SO ORDERED.

DATED: October 29, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] To be clear, Exhibit 6 must be *filed under seal*, and Plaintiffs shall not submit a copy of Exhibit 6 to chambers for *in camera* review.

2