UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT E. WERBICKY and DEANNA L. WERBICKY,

    Plaintiffs

vs.

GREEN TREE SERVICING, LLC,

    Defendant

Case No.: 2:12-cv-01567-JAD-NJK

**Order Denying All Pending Motions with Further Instructions**
**[Docs. 52, 59, 62, 63, 64]**

    Plaintiffs Robert and Deanna Werbicky obtained a default judgment against their home-mortgage lender in state court that relieves them of their loan-repayment obligations based on unauthorized modifications to the loan documents. Although loan servicer Green Tree Servicing, LLC was not a party to that action, the Werbickys seek to enforce that state-court judgment in this action against Green Tree. I rejected the Werbickys' first request—styled as a motion to enforce a declaratory judgment—to give the judgment preclusive effect, and they've repackaged their argument into one motion for full-faith-and-credit recognition of the state-court judgment and three separate motions for summary judgment.[1] Green Tree filed its own motion for summary judgment,[2] and the parties' summary-judgment briefing has generated dozens of filings.

    I do not find the state-court judgment against RBS has a preclusive effect in this case against Green Tree, so I deny the motion for full-faith-and-credit recognition of the default judgment. I also find that the fractured way in which the motions for summary judgment have been presented (1) violates the letter and spirit of the local procedural rules and (2) makes it impossible to fairly and efficiently evaluate the parties' arguments. Accordingly, I deny the pending motions for summary judgment without prejudice to each side's ability to file a single, rule-compliant motion for summary judgment by May 29, 2015.

---

[1] Docs. 52, 59, 62, 63.

[2] Doc. 64.

**A.     Motion for Full-Faith-and-Credit Recognition of the State-Court Judgment**

The Werbickys purchased their home at 9661 Bella Citta Street in Clark County, Nevada, in 2006 with two loans from First Horizon Home Loan Corporation secured by promissory notes and deeds of trust. They allege that the loan associated with the second note and deed of trust was originally financed by Residential Capital Corporation, but later altered to indicate First Horizon Home Loan Corporation as the lender. The note and deed of trust for the second loan were assigned to RBS Citizens, N.A. in 2009, which hired Green Tree to service the loan.

In 2009, after the Werbickys defaulted on their loans, First Horizon commenced foreclosure proceedings, prompting a lawsuit by the Werbickys to stop the foreclosure. The Werbickys settled with First Horizon on the first note and deed of trust, and the house was short sold. In 2011, the Werbickys determined that the second note and deed of trust had been impermissibly altered, so they amended their state-court lawsuit to include a claim against RBS. They applied for and obtained a default judgment against RBS from the state court in April 2012;[3] five months, later they separately filed this federal-court action against Green Tree alleging claims for violation of the Fair Debt Collection Practices Act (FDCPA), slander of title, intentional interference with the Werbickys' contractual relationship with First Horizon, and intentional interference with the short-sale contract.[4] The Werbickys then filed a motion to enforce their declaratory judgment. In it, they sought full-faith-and-credit recognition of the state court's default judgment and argued that the state-court judgment has res judicata effect against Green Tree.[5] I concluded that there were too many issues of fact at that time and denied the motion without prejudice.[6] The Werbickys repackaged their request, and they now seek full-faith-and-credit recognition of the default judgment against RBS under 28 U.S.C. § 1738.[7]

---

[3] Doc. 52.

[4] Doc. 1.

[5] Doc. 13.

[6] Doc. 35.

[7] Doc. 52.

### 1. Full-faith-and-credit recognition of state-court judgments

In their motion for full-faith-and-credit recognition, the Werbickys do not explain what purpose they want the court to recognize the state judgment for; they simply ask me to give it full faith and credit. Under 28 U.S.C. § 1738, state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." "Under the federal full faith and credit statute, federal courts must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered."[8] Thus, the preclusive effect of a Nevada judgment must be analyzed under Nevada law.[9] In essence, this court cannot recognize the judgment under 28 U.S.C. § 1738 if Nevada's preclusion law does not give the judgment preclusive effect as to Green Tree.[10]

### 2. The judgment against RBS is not entitled to full-faith-and-credit recognition in this action against Green Tree.

The Werbickys contend that the judgment is "res judicata" as to the "legal relations" between the Werbickys and RBS that form the basis of the Werbickys' FDCPA claim.[11] In practical effect, the Werbickys wish to use the judgment to establish that no valid debt existed, thereby barring Green Tree from ever litigating the issues established in the default judgment against RBS.

Res judicata was once used as an umbrella term to refer to the concept that parties or those in privity with them cannot relitigate a cause of action or an issue that has been finally determined by a court of competent jurisdiction.[12] Nevada law now separates claim preclusion (res judicata) and

---

[8] *Mack v. Kuckenmeister*, 619 F.3d 1010, 1016 (9th Cir. 2010) (quoting *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001)).

[9] *Id.*; *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 717 (Nev. 2009), *holding modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869 (Nev. 2013).

[10] *See Bower*, 215 P.3d at 717.

[11] Doc. 59 at 14–17.

[12] *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994), *holding modified by Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465 (Nev. 1998).

issue preclusion (collateral estoppel) into two distinct doctrines.[13] Both, however, have a party-or-privity requirement. For a claim to be precluded by a prior judgment, "the same parties or their privies [must be] involved in both cases"; for issue preclusion to apply, only "the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation."[14] The doctrines balance the need to conserve judicial resources with the protection of litigants' due-process rights.[15] As the United States Supreme Court reiterated in *Taylor v. Sturgell*, these preclusion doctrines are inconsistent with basic due-process principles:

> A person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the "deep-rooted historic tradition that everyone should have his own day in court."[16]

Whether I analyze the binding effect of the Werbickys' state-court judgment against RBS under claim preclusion or issue preclusion, I reach the same conclusion: the judgment cannot be given preclusive effect here because the party-or-privity requirement is not satisfied.

### a. Privity in Nevada

Green Tree was not a party to the Werbickys' state-court action, so the binding effect of the judgment turns on whether Green Tree was in privity with RBS. In Nevada, "[a] privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the

---

[13] *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 711 (Nev. 2008).

[14] *Five Star*, 194 P.3d at 713–14; *see also Dockins v. Am. Family Fin. Servs., Inc.*, 2015 WL 1404978, at * 2 (9th Cir. Mar. 30, 2015) (explaining *Five Star*'s "explication of the same parties element makes clear that both the party against whom claim preclusion is asserted *and* the party asserting claim preclusion must have been 'involved' in the prior case or in privity with a party involved in the prior case") (emphasis in original); *Bower*, 215 P.3d at 717 ("Nevada ensures due process by limiting the application of issue preclusion to those who were a party in the prior case or who were in privity with a party in the prior case.").

[15] *See, e.g., Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 915–17 (Nev. 2014).

[16] *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (quoting *Richards v. Jefferson Cnty.*, 517 U.S. 793, 797–98 (1996) (internal quotation marks omitted)).

4

judgment through or under one of the parties as by inheritance, succession, or purchase."[17] It has also been defined as one "who is directly interested in the subject matter, and had a right to make defense, or to control the proceeding, and to appeal from the judgment."[18] The Nevada Supreme Court recently expanded the definition of privy when it adopted the Restatement (Second) of Judgments § 41, which states: "A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party."[19] "A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and [its] representative are aligned and (2) either the party understood [itself] to be acting in a representative capacity or the original court took care to protect the interests of the nonparty."[20]

### b. The Werbickys have not established that Green Tree was a privy.

Although I can imagine circumstances under which a loan servicer may be fairly considered to have been in privity with the lender, the Werbickys have not demonstrated that this is that case. The relationship between Green Tree and RBS is not analogous to a traditional privity relationship because Green Tree had no legal or ownership interest in the note or deed of trust under Nevada law.[21] Nothing in the record shows that Green Tree acquired a successive interest from RBS in the subject matter of the original proceeding through "inheritance, succession, or purchase." And Green Tree did not have a direct interest in the note or deed of trust such that it had the right to defend

---

[17] *Paradise Palms Cmty. Ass'n v. Paradise Homes*, 505 P.2d 596, 599 (Nev. 1973) (quoting *Bernhard v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 122 P.2d 892 (Cal. 1942)); *Bower*, 215 P.3d at 718.

[18] *Paradise Palms*, 505 P.2d at 598.

[19] *Alcantara*, 321 P.3d at 917.

[20] *Taylor*, 553 U.S. at 900 (internal citations omitted).

[21] *See* Doc. 57, Ex. 6 at 67; *Bower*, 215 P.3d at 723 (holding that nonparties were not in privity with party to original proceeding because they shared no legal or private relationship); *Marine Midland Bank v. Monroe*, 756 P.2d 1193, 1194 (Nev. 1988) (per curium) (holding a creditor of a husband and wife was not bound by their divorce decree assigning debt to the husband because creditor was not a party to the divorce proceeding); *Mack*, 619 F.3d at 1022–23 (applying Nevada law to find that trustee was not in privity with beneficiary of pension plan because trustee had not acquired any interest in the plan's benefits).

itself, control the proceeding, or appeal from the judgment.

Green Tree was also not adequately represented by RBS in the state-court action. The Werbickys have offered no evidence that Green Tree authorized RBS to act on its behalf in a fiduciary or representative capacity for Green Tree's beneficial interest.[22] There is also no evidence that RBS otherwise understood that it was acting in a fiduciary or representative capacity to protect Green Tree's interests when completely failing to defend against the Werbickys' suit. And RBS and Green Tree had some different interests vis-à-vis the Werbickys. For example, as a debt collector, Green Tree had an interest in ensuring that it complied with the FDCPA in its debt-collection activities; RBS, a lender, did not share that concern.

Nor is there any evidence that the state court regarded Green Tree's interests during the state-court action. But the language of the judgment (likely crafted entirely by the Werbickys and endorsed by the state court without alteration[23]) purports to adjudicate this non-party's rights. After a lengthy recitation of the Werbickys' and Green Tree's interactions with each other that places Green Tree at the center of the judgment's factual premise,[24] the document concludes:

- "That the entr[y] on Plaintiffs' credit report[] . . . specifically (on the Experian Reports) . . . the Green Tree Servicing entry on Account #8963 for $108,426 [is] inaccurate as no valid debt was owed";[25]

- "That Green Tree acted as agent for RBS Citizens or acted with apparent authority for RBS Citizens";[26] and

- "[T]hat no debt was owed by Plaintiff, Robert E. Werbicky [or DeAnna L. Werbicky], to First Horizon Home Loan Corporation, RBS Citizens[,] or Green Tree as to the Note or the Altered Note."[27]

---

[22] *See Arduini v. Hart*, 774 F.3d 622, 634 (9th Cir. 2014) (holding that a shareholder-derivative lawsuit is analogous to the examples in the Restatement of Judgments § 41 because a shareholder acts on behalf of the corporation).

[23] This is not an uncommon practice in the Eighth Judicial District Court.

[24] Doc. 52 at 9–10.

[25] *Id*. at 10, ¶ 35

[26] *Id*. at 11, ¶ 5.

[27] *Id*. at 14.

The Werbickys' efforts to understate the judgment as one only against RBS and to characterize the state-court action as one in which Green Tree had no right or interest are, therefore, unreliable.

Finally, the cases on which the Werbickys rely for the proposition that privity exists between loan servicers and lenders are inapposite because, in each, a nonparty used preclusion to bar a party to an earlier proceeding from asserting an identical claim or issue.[28] The application of preclusion against Green Tree raises more significant due-process concerns because Green Tree was not a party to the state-court proceeding and thus never had an opportunity to defend itself from the Werbickys' allegations that ripened into factual findings in the default judgment against RBS.[29] Accordingly, the Werbickys have not persuaded me that Green Tree and RBS were in privity in a way that permits application of the judgment against Green Tree under Nevada's preclusion jurisprudence.

Although the other side of this coin is not addressed by the Werbickys' full-faith-and-credit motion, for the sake of judicial efficiency, I also take this opportunity to note that the same party-or-privity deficiencies prevent Green Tree from applying claim preclusion defensively to bar the Werbickys' claims. Because the Nevada Supreme Court has not abandoned the mutuality requirement with respect to claim preclusion, a party asserting claim preclusion defensively must also have been a party or in privity with a party to the prior litigation.[30] Green Tree's status as neither a party nor a privy to the state-court action[31] prevents it from challenging the Werbickys' claims based on a defensive application of these preclusion principles, too.

---

[28] Although the district court in the unpublished case of *Wolverton v. MortgageIT, Inc.*, 2011 WL 5117573, at *8–9 (D. Nev. Oct. 24, 2011), found privity between a loan servicer and a lender, the court relied on other jurisdictions' laws with more expansive views of privity to reach that conclusion. *See, e.g., R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006) (applying Puerto Rico law). The Ninth Circuit's decision in *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 691 (9th Cir. 2007), also cited by the court, applied a "virtual representation" test to find privity between a principal and agent. But Nevada has not adopted virtual-representation privity, *see Bower*, 215 P.3d at 723, and the United States Supreme Court has noted that the Ninth Circuit's application of this theory goes too far to comport with due process. *Taylor*, 553 U.S. at 896.

[29] *See Paradise Palms*, 505 P.2d at 599 ("The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted.").

[30] *See supra* n.14.

[31] *See supra* at pp. 3–7.

In sum, Green Tree was not a party to the state-court action, and I find no privity between RBS and Green Tree for preclusion purposes. Accordingly, no party to this case may use the judgment preclusively. As a result, the judgment is not entitled to full-faith-and-credit recognition in this case, and I deny the Werbickys' motion.

**B.     The Summary-Judgment Motions**

In addition to their motion for full-faith-and-credit recognition, the Werbickys have filed three motions for partial summary judgment (Docs. 59, 62, 63), and Green Tree has filed its own motion for summary judgment (Doc. 64). All totaled, these motions have engendered 27 separate filings by the parties resulting in approximately 350 pages of briefs, not including exhibits.

Local Rule 7-4 limits summary-judgment motions and oppositions to 30 pages and replies to 20 pages each. And Local Rule 56-1 clarifies that the statement of facts supporting a motion or response must be "concise" and "include[d]" in the motion or response itself, not filed separately. That same rule contemplates that evidentiary discussions will be included in the motion or response itself, not in a separate "objection" filing that generates response and reply briefs addressing the objections.

Both parties have exceeded these rules. The Werbickys' three motions for partial summary judgment (Docs. 52, 62, 63), when combined, total 32 pages. Although this only barely exceeds the rule's page limit, the resulting effect from the separate filing of these motions is more problematic. Including each party's separately filed evidentiary objections (and oppositions and replies to those objections), the three motions have resulted in eight briefs from Green Tree relating to its opposition—encompassing a combined total of 113 pages—and eight briefs by the Werbickys relating to their reply—for a combined 71 pages. Likewise, Green Tree's motion for summary judgment (Doc. 64) falls within the page limit at 29 pages. But with the separately-filed evidentiary objections (and oppositions and replies to those objections), the Werbickys have filed three briefs relating to their opposition—for a combined 46 pages—and Green Tree has filed four briefs relating

to its reply—for a total of 61 pages.[32] Taken as a whole, these filings exceed the letter—and do violence to the spirit—of the local rules.[33]

"The Local Rules, adopted pursuant to Federal Rule of Civil Procedure 83, are laws of the United States."[34] Federal "statutes and Rule 83 leave no room to doubt that the District Court [is] lawfully authorized to prescribe its local rules and that they have a clear legislative base."[35] It is well established that the district courts have the inherent power to control their dockets and manage their affairs; that includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency.[36] Here, both sides have engaged in a fractured and unnecessarily lengthy approach to summary-judgment briefing. I find that the most judicially economical way to manage this situation is to exercise my inherent power to manage the docket and deny Plaintiffs' motions for partial summary judgment (Docs. 59, 62, 63) and Defendant's motion for summary judgement (Doc. 64), all without prejudice.

**Each side has until May 29, 2015, to file a *single* motion for summary judgment that fully complies with this order and the rules of this court (including but not limited to the page-limits in LR 7-4). All facts, arguments, requests for judicial notice, and evidentiary objections must be incorporated into the motion, response, or reply brief itself; separately filed components will not be permitted.** Exhibits shall be filed in compliance with Local Rule 10-3, and courtesy copies of these filings shall be delivered to chambers.[37] Given these constraints, in the

---

[32] To complicate matters even further, both parties cross reference arguments made in previous and subsequent briefs, resulting in the fragmentation of arguments over multiple briefs.

[33] Plaintiffs' purpose behind filing three separate motions for partial summary judgment, rather than one motion, is unclear considering that two of the motions (Docs. 62 and 63) were filed on the same day and within a week after the first motion (Doc. 52).

[34] *Martel v. Cnty. of L.A.*, 56 F.3d 993, 1001 (9th Cir. 1995) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)) (Kleinfield, J., dissenting) ("We cannot ignore the Local Rules.").

[35] *United States v. Hvass*, 355 U.S. 570, 575–76 (1958).

[36] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010).

[37] Courtesy copies should be delivered in three-ring binders, printed double sided, and with exhibits tabbed.

interest of ensuring that the parties have a full and fair opportunity to present their proper arguments, I will entertain motions for leave to file an oversized brief under Local Rule 7-4 with a demonstration of good cause. The parties are cautioned, however, that they should not use these motions for summary judgment to reargue the issues already resolved by this order.

## CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Full Faith and Credit Recognition of State Court Judgment **(Doc. 52) is DENIED**.

IT IS FURTHER ORDERED that Plaintiffs' Motions for Partial Summary Judgment **(Docs. 59, 62, 63) are DENIED** without prejudice, and Defendant's Motion for Summary Judgment **(Doc. 64) is DENIED** without prejudice. Each side may file a single motion for summary judgment by May 29, 2015, in compliance with this order and the rules of this court.

DATED April 21, 2015

_____
Jennifer A. Dorsey
United States District Judge